GONZALES, Judge,
dissenting:
I strongly dissent. The circumstances of this case are not so unique to compel me to join Senior Judge Crean and Judge Morgan in not affirming the appellant’s dismissal.[1] The fact that the appellant was experiencing personal difficulties and stresses in his life is not an excuse for repeatedly raping an innocent child, nor a reason for disapproving the dismissal.
The evidence clearly shows that the appellant is a “regressed, incestuous child molester” who initially denied committing the offenses on his mentally retarded fifteen-year-old daughter. Alcohol did not force the appellant to rape his daughter. Nor was the committing of the offenses an isolated, onetime occurrence.
Although the evidence shows that the appellant has served in an active duty and reserve component status for over twenty-seven years, he had only twenty-three years of service for retirement purposes as of the date of the action.
The evidence shows that the appellant was separated from his ex-wife and had been living the life of a sole parent with either three or two children for at least five years.
The appellant is not dying from cancer. The evidence shows that the appellant’s cancer, in the form of a tumor in his neck, was originally diagnosed and removed in 1982. The cancer has been in remission since then and the appellant is required to be medically evaluated every two months.
The appellant’s son does not require further medical treatment. The evidence shows that the appellant’s then eleven-year-old son was struck by a military police vehicle while riding his bike on Fort Irwin in October 1991. The appellant, however, was very vague in his unsworn statement and in his R.C.M. 1106 matters to the convening authority on the extent of his son’s injuries. The appellant also has never indicated what type of medical treatment his son still needs. Nor did the appellant’s ex-wife’s attorney advise the convening authority in her letter, dated 8 September 1992, that the son required further medical treatment as a result of this accident.
The appellant also never provided any specifics on his financial problems or the extent of his debts between 1986 and 31 August 1992. We are not even aware of the amount of his debts, if any, that existed on his date of trial.
The victim has not been left alone and unsupported as a result of this trial. We know that she is living with her mother, who according to the testimony of the appellant’s mother, “makes a great deal of money on her job.” We know that the Circuit Court of Fairfax County issued a payroll deduction order on 2 November 1992, for $950.00 against that part of the appellant’s pay that was not forfeited. We also know that the victim’s immediate family includes an older brother and two older sisters who are no longer dependent on the appellant or their mother for support. Furthermore, the victim appears to be eligible for federal benefits under either 10 U.S.C. § 1058 (Dependents of members separated for dependent abuse: *886 transitional compensation) or 10 U.S.C. § 1408(h) (Protections for dependent victims of abuse by members of the Armed Forces).
The circumstances of this ease are not so different from all the other dependent abuse cases we have seen at this level to warrant sentence relief. I also am not convinced that disapproval of the appellant’s dismissal would ensure that the victim would receive a much higher level of support than if the dismissal was approved. Accordingly, the adjudged sentence in this case is very appropriate.[2]

. The circumstances of this case are less compelling, for example, than those in United States v. Roemhildt, 37 M.J. 608 (A.C.M.R.1993), Staff Sergeant Roemhildt was a voluntary self-referral for committing indecent sexual acts upon his ten-year-old stepdaughter. We, nevertheless, affirmed his approved sentence that included a bad-conduct discharge.

. As an alternative, I note that the appellant entered into a pretrial agreement where the convening authority agreed to approve no confinement in excess of twelve years and six months. If I was inclined to grant any measure of relief on the appellant's sentence, I would do so by commuting his dismissal to confinement for seven years and six months, thereby making the period of confinement as approved total twelve years and six months. United States v. Hodges, 22 M.J. 260, 264 (C.M.A.1986).